*Margaret BENALLY*
*Personal Representative of the Estate of John J. Benally, Sr.,* et al.
Plaintiffs-Appellants
*vs.*
*BROKEN HILL Proprietary Limited, an Australian corporation,* et al.
Defendants-Appellees

In the Supreme Court of the Navajo Nation

No. SC-CV-79-98

September 21, 2001

Damon L. Weems, Esq., Farmington, New Mexico, for Appellants.

R. Thomas Daily, Esq., Farmington, New Mexico, for Appellees.

Before Yazzie, Chief Justice, and Austin and King-Ben, Associate Justices.

Opinion delivered by AUSTIN, Associate Justice.

Margaret Benally, representing the Estate of John J. Benally Sr., appeals from an October 27, 1998 decision that dismissed a wrongful death action arising from an industrial accident on the ground that permitting the suit would result in an unjust enrichment to the appellants. The appellants filed their suit on October 14, 1996, while receiving New Mexico workers' compensation benefits.

## I

The parties agree that John J. Benally Sr. died on October 19, 1994 while working as a train operator at the Navajo Mine, which is located near Farmington within the New Mexico portion of the Navajo Nation. They disagree on the cause of

death. The appellants contend that the death was due to unsafe conditions at the mine, while the appellees say that the death was likely the decedent's fault because he tied down a "Deadman Bar" used to stop a train if it ran away or the operator became incapacitated. We need not address fault, because the Shiprock District Court based its decision to dismiss the suit on an equitable principle. The court based its ruling on the fact that the appellants applied for and accepted workers' compensation benefits under the New Mexico workers' compensation program. The appellants are entitled to the sum of $666 biweekly from 1994 through 2006, for a total award of $233,114. The dismissal order stated that "[a]llowing this suit would result in the unjust enrichment of plaintiff and would violate the equitable principles set forth by all workers' compensation laws, be it state or tribal." Order of Dismissal at 5. We review the dismissal order *de novo*. The sole issue we address is whether the district court erred as a matter of law when it used an equitable ground to dismiss the action.

## II

While the parties raise other issues based upon our decision in *Nez v. Peabody Western Coal Co., Inc.*, 7 Nav. R. 416 (Nav. Sup Ct. 1999), and a subsequent Navajo Nation Council resolution (Res. No. CJA-18-00, Feb. 2, 2000) addressing the holding in Nez, we do not decide them because they have been addressed separately in our other workers' compensation cases and they are not relevant to a decision in this case. In *Nez*, the claimant had exhausted her workers' compensation benefits and made a supplemental claim that the amount of the benefits she had received was inadequate to compensate her for her permanent injuries. Her supplemental claim was denied and her case closed. The facts of the case before us does not fit with the Nez case so that case does not apply here. *See also, Benally v. Big A Well Service Co.*, 8 Nav. R. 60 (Nav. Sup. Ct. 2000) (affirming the comity recognition of a New Mexico workers' compensation award). Our decision here is limited to the ground utilized by the district court when dismissing the wrongful death complaint.

## III

Equity is an ancient European doctrine of fairness which tempers the rigor and sometime stiffness of "law," using adaptable principles of basic fairness. In this particular case, the district court found that it would be inequitable for the appellants to accept workers' compensation benefits for approximately two years prior to filing their complaint, and which they would receive through the year 2006, and then file an independent wrongful death action. The appellants point to shortcomings in the New Mexico workers' compensation law, while the appellee coal mining company urges this Court to accept the historic tradeoff workers make when giving up their right to sue their employer in return for assured benefits.

We have previously utilized the Navajo common law doctrine of *nályééh*

as the basis for permitting an independent action aside from workers' compensation benefits in *Nez*, 7 Nav. R. at 421, and we will discuss that doctrine as an equitable principle. The appellants have also touched on that doctrine in their arguments. The Navajo Nation courts, as it is with other courts, apply ancient principles of equity, and they also apply traditional Navajo equitable principles.

*Nályééh* is a unique Navajo principle that is used to redress civil wrongs. It is akin to, but not quite the same, as the Anglo-European concepts of restitution and reparation. The similarity is that *nályééh* requires payment or compensation to people who are injured, but it is quite different in its procedures. That is, when courts require the payment of restitution or reparation for an injury, they assess the injured person's actual damages and attempt to make that person whole. *Nályééh* has an additional procedural aspect which addresses relationships. *Nályééh* does not simply require restitution or reparation, but calls upon the person who has caused an injury or is responsible for an injury to talk out both compensation and relationships. It is relevant to the case before us that we have compared *nályééh* to insurance, because of the insurance aspects of workers' compensation. *See, In re Claim of Joe*, 7 Nav. R. 66, 69 (Nav. Sup. Ct. 1993).

While we prefer to apply Navajo common law because law is based on values, and the Navajo common law incorporates the basic values of the Navajo People, there are problems when Navajo common law is taken out of its original context. That is particularly true of the doctrine of *nályééh*. It is not simply a legal-equitable doctrine to be applied by a court as an impartial decision-maker, but a relationship value. We touched on the relationship aspect in a prior decision when we said that the amount of *nályééh* to be paid should be "enough so that there are no hard feelings." *Benalli v. First Nat'l Ins. Co. of America*, 7 Nav. R. 329, 338 (Nav. Sup. Ct. 1998). The Navajo Nation courts can use the doctrine to assess the adequacy of damages and to assure that the parties to the dispute are restored to a harmonious relationship. In this case, nothing has been advanced to suggest that the amount of workers' compensation benefits awarded does not comport with the doctrine of *nályééh*.

In the case before us, the district court chose to ignore the parties' contentions on the cause of the death and the amount of damages which resulted using a commonsense doctrine that it would be unfair for the appellants to choose one remedy, receive its benefits, and then seek another. Is there a basis for that decision in Navajo common law?

Law is about expectations. It deals with the agreements of parties. It regulates the relationships of people in a just society. We have said that Navajo common law requires people to keep their word and honor their promises. *See, Ben v. Burbank*, 7 Nav. R. 222, 224–226 (Nav. Sup. Ct. 1996). In this particular situation, the appellants' decedent went to work at a coal mine understanding that if he was injured, the mining company would pay for the injury under a workers' compensation program. The appellants sought and received death benefits

under that program, and the company kept its word by paying them, as agreed. The wrongful death suit attempted to reject the agreement the parties reached and thus broke it. Accordingly, the district court was correct in dismissing the wrongful death suit on equitable principles as a matter of Navajo common law.

This is not a situation where the appellants can point to some unfair arrangement, an unconscionable law, an unjust enrichment on the mine's part, or some other injury which justifies refusing to give comity recognition to a decision made under state law. The district court had the parties' contentions before it on both the cause of the decedent's death and the adequacy of the New Mexico workers' compensation remedy, and chose instead to reject the claim under principles of equity. The district court's decision was correct as a matter of law.

Accordingly, the October 27, 1998 decision to dismiss the wrongful action is hereby AFFIRMED.